CAPITAL CITY STATE BANK, Appellee, v. DES MOINES COTTON-MILL COMPANY, Appellants.

Promissory Note: ACCOMMODATION INDORSERS. Where the note of a corporation which had been discounted at bank was, upon default in payment by the makers, taken up at its maturity by the plaintiff, the payee, by issuing to the discounting bank a certificate of deposit for the amount thereof, and thereafter a renewal note for such amount was given the plaintiff by said corporation, with its president and secretary as joint makers, and the same deposited with the discounting bank in lieu of the former note, *held*, that the president and secretary were not accommodation makers for the plaintiff, and were liable upon the note to the plaintiff.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

THURSDAY, FEBRUARY 4, 1892.

ACTION on a promissory note. There was a judgment for the plaintiff, and the defendants, J. F. and E. R. Mason, appeal.—*Affirmed.*

VOL. 84—36

*Whiting S. Clark*, for appellants.

*Read & Read*, for appellee.

GRANGER, J.—The note in suit is for twenty-three hundred •and seven dollars and eighty-four cents running to the plaintiff bank, and is dated "4th mo.— 7—1889," and signed by all of the defendants. The defendants, J. F. and E. R. Mason, alone answer that they are accommodation makers of the note for the plaintiff bank. The particular facts upon which the defendants rely for their defense are, in brief, that the note in suit is a renewal of a note for the same amount, signed by the defendants, the Des Moines Cotton-Mill Company, and the York Investment Company to the plaintiff bank, and by it indorsed and discounted at the Iowa National Bank. The party primarily liable for the payment of the first note was the cotton-mill company, of which E. R. Mason was president and J. F. Mason secretary and manager. The same primary liability is also to the note in suit. At the maturity of the first note, the Iowa National Bank presented it for payment to the plaintiff bank, which gave its certificate of deposit to the Iowa National Bank for the amount of the note. It also appears from the answer that the renewed note now in suit was signed by the defendants, and deposited with the Iowa National Bank in lieu of the note for which it is a renewal; that they signed the note only as accommodation makers for the plaintiff bank without a previous liability on their part; and that the plaintiff bank has paid the note.

At the close of the defendants' evidence, the court, on motion of the plaintiff, directed a verdict in its favor on the ground that there was no evidence showing that the defendants were accommodation makers of the note, and this ruling presents the only question in the case. The direction of the court was a

proper one. The evidence shows only that what appellants did to secure a renewal of the former note was in behalf of the Des Moines Cotton-Mill Company, whose business agents they were, and whose duty it was to discharge the obligation. The payment by the bank, which appellants urge, was in consequence of the certificate of deposit placed with the Iowa National Bank, which that bank agreed to carry as a "cash item," while the plaintiff bank should attempt to protect itself from loss by the payment of the debt for which it was only security. Whether or not the certificate was, as between the two banks, a payment is not material. The note in suit was given to the plaintiff bank in lieu of the former obligation of the cotton-mill company, and was placed, with the certificate of deposit, in the Iowa National Bank, with the plaintiff bank as indorser, and was accepted by both banks with the appellants as makers. These facts clearly show a *prima facie* liability of the appellants as makers of the note. The plaintiff bank paid the note to the Iowa National Bank, and is now the holder. Both the appellants were witnesses, and neither states any facts to change the legal effect of what has been said. It is true, they were neither personally liable for the debt before the execution of the note, but it nowhere appears that they signed the note at the solicitation of or for the benefit of the plaintiff; but it does appear, inferentially at least, that their signatures were placed to the note to accommodate or aid the cotton-mill company. The mere fact that there was no consideration as to them does not make them accommodation makers for the plaintiff. They are in fact sureties for the cotton-mill company. The judgment is AFFIRMED.